UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

REGAL WARE, INC,

    Plaintiff,

v.                                              Case No. 05-CV-263

ADVANCED MARKETING INT'L., INC.,
HURLEY INDUSTRIES, INC.,
VITALIFE COOKWARE, INC., and
AMERICRAFT, LLC,

    Defendants.

---

## ORDER

On March 31, 2003, Plaintiff Regal Ware, Inc. ("Regal Ware") filed a complaint against defendants Advanced Marketing Int'l, Inc. ("AMI"), Hurley Industries, Inc. ("HII"), Vitalife Cookware, Inc. ("Vitalife"), and Americraft, LLC ("Americraft") in the Circuit Court for Washington County, Wisconsin. Defendants filed a notice of removal to this court on March 9, 2005, alleging this court has proper jurisdiction pursuant to 28 U.S.C. § 1332. Shortly after the filing of the notice of removal, defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed a motion to remand to state court alleging this court lacks jurisdiction due to incomplete diversity. Each of these matters have been fully briefed and are now ready for decision.

FACTUAL BACKGROUND

The relationships between the different parties, who are cookware makers, sellers, and distributors, is relevant to the disposition of this case. Regal Ware, a Delaware corporation with its principal place of business in Kewaskum, Wisconsin, is in business making and selling cookware. In 2002, Regal Ware acquired the West Bend Company ("WBC"), a company that previously made and sold cookware in West Bend, Wisconsin, for several years. Thus, after the 2002 acquisition, the WBC became a division of Regal Ware. AMI, the first named defendant, is a foreign corporation with its principal place of business in Mt. Dora, Florida. AMI sells cookware under the trademarks Kitchen Craft and Lustre Craft, and now purchases cookware from Regal Ware. AMI is owned and controlled by David Hurley. David Hurley and his son, Bryan Hurley, also own and control HII, a Florida corporation that sells Lustre Craft cookware. Vitalife is a Florida corporation that sells cookware through independent distributors and its president is Heather Pruett, David Hurley's daughter. Americraft, the final party, is a company currently distributing cookware for AMI.

After Regal Ware acquired the WBC, Regal Ware and AMI entered into an Exclusive Supplier Agreement ("Agreement"). The Agreement stated that it is the intent of the parties and "all arms of associations to develop new and successful distributors and organizations without any business adventures being interrupted

by disturbing or discouraging any inter-company or associates' activities." (Agreement, Exhibit A). The Agreement terms began on January 1, 2003, and will control through December 31, 2007, or the date upon which AMI's net whole purchases from Regal Ware reach $35,000,000.00. The Agreement requires Regal Ware to produce and AMI to purchase, exclusively from Regal Ware, sufficient quantities of cookware. Other terms of the Agreement allowed AMI to sell certain cookware designs, and also transferred the rights and ownership of certain trademarks from Regal Ware to AMI during the controlling time period of the Agreement. Additionally, the Agreement includes a "volume incentive plan," whereby percentage bonuses would be calculated based upon the AMI's net purchases from Regal Ware. The terms of the Agreement and whom the Agreement actually binds form the basis of the litigation in this suit for declaratory judgment.

## PROCEDURAL BACKGROUND

On February 10, 2005, Regal Ware filed suit in the Washington County Circuit Court, and at Count One alleged that a dispute had arisen amongst Regal Ware, AMI, HII, Vitalife, and Americraft in regards to whether or not Regal Ware has the right to be the exclusive supplier during the terms of the Agreement; and whether Regal Ware has the right to bid on the manufacture and sale of other cookware products. At Count One, Regal Ware prays for the court to enter

judgment declaring that Regal Ware is the exclusive supplier to the named defendants during the terms of the Agreement; allowing Regal Ware the right to bid on the manufacture and sale to any of the defendants on any of cookware products; and to grant other relief as the court deems appropriate, including attorneys fees and costs. (Pl.'s Complaint ¶¶ 35- 36.) Count Two is against defendant AMI alone, and Regal Ware prays that the court will enter judgment declaring that Regal Ware has the right to renew the Agreement for two additional five-year terms after the expiration of the initial term of the Agreement. (*Id.* at ¶¶ 37-38.)

Defendants removed the action to this court, and alleged proper jurisdiction pursuant to 28 U.S.C. § 1332. Defendants argue that despite the naming of a Wisconsin defendant in the complaint, this court has proper jurisdiction pursuant to diversity because defendant Americraft, the only company with Wisconsin citizenship for diversity purposes, was fraudulently joined for the sole purpose of destroying diversity. Thus, defendants argue that this court should disregard the citizenship of Americraft. Regal Ware responded to the removal motion with a motion to remand back to state court due to incomplete diversity for section 1332 purposes. Defendants have also before the court a motion to dismiss; however, because the motion to remand alleges infirmity of subject matter jurisdiction, it is proper to resolve that motion prior to addressing the motion to dismiss. *See, e.g.*

*Cantor Fitzgerald, L.P, v. Peaslee*, 88 F.3d 152, 155 (2nd Cir. 1996)(stating that issues relating to subject matter jurisdiction are generally resolved before turning to other matters).

## ANALYSIS

Federal Courts may entertain suits only when there is proper subject matter jurisdiction, either pursuant to a well-pleaded federal question, or on the basis of diversity jurisdiction. *See* 28 U.S.C. §§ 1331,1332 (2005). For diversity jurisdiction to be proper, there must be "complete" diversity, meaning that no plaintiff may be a citizen of the same state as any defendant. *See id*; *see also Fid. and Deposit Co. Of Md. v. Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983).

Pursuant to 28 U.S.C. § 1446, defendants to an action originally filed in state court may remove a suit to the appropriate federal court if the action could have been filed in federal court initially. Removal in this case is proper only if Americraft was fraudulently joined as a defendant because their presence destroys complete diversity. The Seventh Circuit has held that fraudulent joinder occurs in either one of two situations: first, when there is no possibility that a plaintiff can state a cause of action against non-diverse defendants in state court; or second, when there has been an "outright fraud in plaintiff's pleading of jurisdictional facts." *Hoosier Energy Rural- Elec. Corp., Inc. v. Amoco Tax Leasing IV Corp.,* 34 F.3d 1310, 1315 (7th Cir.1994). Defendants make no assertion of

"outright fraud," rather, they argue that there is no possibility for Regal Ware to establish a cause of action against Americraft.

The Seventh Circuit has categorized meeting a fraudulent joinder standard as a "heavy burden" which lies with the defendant. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). A party claiming fraudulent joinder of a non-diverse defendant who wishes to remove a case to federal court must establish that after resolving all issues of law and fact in favor of the plaintiff, there is still no reasonable possibility that the plaintiff could have a cause of action against the in-state defendant. *Id.* at 74. Thus, after the court resolves all questions of law or fact in favor of plaintiff Regal Ware, it must appear that there is no reasonable possibility for Regal Ware to prevail in an action against Americraft in order for this court to have vested subject matter jurisdiction over the suit. Indeed, this is a difficult hurdle to overcome; other courts sitting in the Seventh Circuit have described the standard as "one of the most generous under the law" because a court may maintain jurisdiction upon fraudulent joinder only if it is shown that the plaintiff's claims are wholly unsubstantiated and frivolous. *Murphy v. Guideone Mut. Ins. Co.*, 2004 WL 503800 (S.D. Ind. 2004); *see also Lance v. Employers Fire Ins. Co.*, 66 F. Supp.2d 921, 924 (C.D. Ill. 1999).

Regal Ware asserts that there is a cause of action against Americraft, and furthermore, that Americraft is properly joined for two reasons: first, that

Americraft is a proper party pursuant to Wis. Stat. § 806.04(11) of the Wisconsin Declaratory Judgments Acts; and second, that Americraft is "a real party in interest." Americraft is named as a party in Count Two of the complaint, which reads:

> A dispute has arisen among Regal Ware, AMI, HII, VitaLife, and Americraft regarding whether: (a) Regal Ware has the right to be the exclusive supplier to them of Cookware during the term of the Agreement, and (b) Real Ware has the right to bid on the manufacture and sale to them of any other cookware product, including the opportunity to meet any competitive price on such cookware product.

(Plaintiff's Complaint ¶ 36). The relief Regal Ware seeks is a judgment by the court declaring that Regal Ware is the exclusive supplier to the defendants during the terms of the Agreement; that Regal Ware has the right to bid on the manufacture and sale to any of the defendants on the cookware products; and to grant other relief, such as attorney fees and costs, as the court sees necessary. (*Id.*)

Wis. Stat. § 806.04(11) states that in declaratory judgment actions, "all persons shall be made parties who have or claim any interest which would be affected by the declaration." *Id.* Regal Ware argues that pursuant to section 806.04(11), Americraft is a proper party because Regal Ware is seeking a declaration that it is entitled to manufacture cookware sold or distributed by AMI, HII, Vitalife, and Americraft, and such a declaration would in fact affect

Americraft's claims or interests. Moreover, Regal Ware asserts that Americraft is a proper party because their interests would be affected by a judgment declaring Regal Ware the exclusive supplier to AMI because of the distributor relationship Americraft has with AMI.

The court agrees with Regal Ware's assertion. A favorable construction of the Agreement for Regal Ware could affect Americraft's conduct and interests under the Agreement's terms, therefore, Americraft may be viewed as a proper party under section 806.04(11). More importantly, this is not an unreasonable reading of the Agreement; it is drafted broadly and at more than one section includes the terms "*all parties and distributors* within the Regal Ware and WBC" group. (Pl.'s Ex. A.)

Next, Regal Ware argues that Americraft is a "real party in interest." Federal Rule of Civil Procedure 17(a) provides that "[e]very action shall be prosecuted in the name of the real party in interest." The identity of the real party in interest is determined by the law creating the claim, and from the essential nature and effect of the proceeding. *Nuclear Eng'g Co. v. Scott,* 660 F.2d 241, 250 (7th Cir.1981). Currently, Americraft distributes cookware for AMI, a named party to the Agreement. Similar to a finding that Americraft is a proper party, a reasonable construction of the Agreement is that if judgment were entered in favor of Regal Ware, Americraft's interests would be affected by such a ruling because as

distributors for AMI, their business obligations would be affected by a declaration that Regal Ware is the exclusive supplier of cookware to each of the defendants. Additionally, Regal Ware is seeking a declaration that it is entitled to sell the cookware manufactured by each defendant, including Americraft; the pursuit of such a declaration properly brings Americraft into the litigation.

Defendants are correct in noting that parties HII, Vitalife, and Americraft are not explicitly mentioned in the Agreement, and they further argue that this omission prevents Regal Ware from obtaining any sort of declaratory relief that would bind these parties. However, a non-signatory party may in fact have interests that would be affected by a declaratory judgment. *See Fyrnetics (Hong Kong) Ltd. v. Quantum Group, Inc.*, 293 F.3d 1023, 1029 (7th Cir. 2002) (stating "there are several ways that a non-signatory can be bound by a contract, such as through the doctrines of assumption, agency, equitable estoppel, veil piercing, and incorporation by reference"). Pursuant to the notice pleading requirements of the Wisconsin and Federal Courts, Regal Ware is not required to allege with detailed specificity that the non-signatory defendants are bound to the Agreement; they need only set forth facts that it is possible for Americraft to be bound to defeat an allegation of fraudulent joinder. Regal Ware acknowledges that it is not fully aware of the exact relationship of all of the parties, they only argue that it is possible Americraft, a distributor to AMI, could be construed as having an

associate or agency relationship with AMI such that they too are bound by the Agreement.

Here, the court finds that the defendants have not met the heavy burden that there is no reasonable possibility for the Washington County Circuit Court to find that Americraft's interest may be affected by the declaratory judgment or that Americraft could be bound by the Agreement. Regal Ware's position is not an unreasonable construction of the Agreement, and the facts as alleged in Regal Ware's complaint and subsequent briefs provide adequate grounds to conclude that there is a reasonable possibility of prevailing against Americraft. The court concludes that Americraft was not fraudulently joined and their presence in the action destroys the requisite diversity for this court to have subject matter jurisdiction over the suit. Because the court does not have jurisdiction over this action, the defendants' pending motion to dismiss must be dismissed for want of jurisdiction.

Accordingly,

IT IS ORDERED that Regal Ware's motion to remand [Docket #12] be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that this case be remanded to the Circuit Court for Washington County from which it was originally removed; and

IT IS FURTHER ORDERED that Defendants' motion to dismiss [Docket #6] be and the same is hereby DISMISSED for want of subject matter jurisdiction.

The Clerk of the Court is directed to take all appropriate steps to effectuate the court's remand order.

Dated at Milwaukee, Wisconsin, this 21st day of March, 2006.

BY THE COURT:

s/J.P. Stadtmueller
J.P. STADTMUELLER
U.S. District Judge